2008-NMSC-041

188 P.3d 95

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Richard ROWELL, Defendant–Respondent.**

**No. 30,380.**

Supreme Court of New Mexico.

June 26, 2008.

Gary K. King, Attorney General, James W. Grayson, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Downing & Henderson, P.C., C. David Henderson, Santa Fe, NM, for Respondent.

## OPINION

DANIELS, Justice.

{1} In this case, we are called upon to determine whether either the search incident to arrest exception or the exigent circumstances exception to the New Mexico warrant requirement authorized a police officer to conduct an entry into an automobile on the grounds of a high school to seize a loaded shotgun and other weapons without first obtaining a search warrant. We hold that while the action could not be justified as a search incident to arrest, it was reasonable for the officer to take immediate action once he learned of the presence of the shotgun. In doing so, we reaffirm the constitutional principles set forth in *State v. Gomez*, 1997–NMSC–006, 122 N.M. 777, 932 P.2d 1, that absent a valid exception to the warrant requirement, such as the combination of probable cause and exigent circumstances in this case, a warrant is required for a search of an automobile under Article II, Section 10 of the New Mexico Constitution.

## I. BACKGROUND

{2} The suppression hearing before the district court was based on the stipulated facts contained in the written report of the arresting officer, Taos Police Department Officer E. Thomas. On May 11, 2005, during the lunch recess, Officer Thomas stopped Defendant Richard Rowell for speeding in the visitor's parking lot of Taos High School. When Defendant leaned over to retrieve his papers from the glove box, the officer observed in plain view a clear plastic bag of marijuana protruding from Defendant's left front shirt pocket. The officer reached into the car and seized the marijuana, removed Defendant from the car to place him under arrest, and handcuffed him. During a contemporaneous search incident to arrest, the officer found a marijuana pipe and a lighter in Defendant's pockets. The officer asked Defendant if he had any guns, knives or other dangerous weapons. Defendant first denied having any weapons, but as he was being led to the patrol car in handcuffs he told the officer that there was a shotgun in the back seat of his car.

{3} Officer Thomas secured Defendant in his patrol car and then searched Defendant's car to inventory its contents in anticipation of having it towed and impounded. He seized from the passenger compartment a loaded shotgun, a loaded revolver, a two-foot long wooden club, a straight-blade knife, nineteen shotgun shells, two box-cutter blades, and a package of Zig–Zag rolling papers. A multi-tool knife was seized from the trunk.

{4} Officer Thomas called for a back-up unit to assist with transporting Defendant to jail and for a tow truck to remove Defendant's vehicle from the high school grounds. After the officer learned that no tow truck was available, he contacted Defendant's mother and arranged for her to take custody of her son's car.

{5} Defendant was indicted on four felony counts of possession of a deadly weapon on school premises, contrary to NMSA 1978, Section 30–7–2.1 (1994). *See State v. Rowell*, 2007–NMCA–075, ¶ 7, 141 N.M. 783, 161 P.3d 280. The additional misdemeanor charges for which he was also arrested, speeding in a school zone, possession of marijuana, possession of drug paraphernalia and driving on a suspended license, were not included in the felony indictment. *Id.* ¶ 7. Defendant moved to suppress all the drug and weapons evidence, arguing that it was unlawful for the officer to have seized any of it without a warrant. *Id.* ¶ 7. The State conceded that the record did not establish the legal requirements for a pre-impoundment inventory search, but argued that both the exigent circumstances and the search incident to arrest exceptions justified all of the warrantless seizures. The district court suppressed the marijuana on the ground that it was unlawful for the officer to reach inside the car without a warrant and retrieve the bag of marijuana protruding in plain view from Defendant's pocket. *Id.* ¶ 1. The court suppressed the weapons and all other evidence as fruits of the initial warrantless seizure of the marijuana. *Id.* ¶ 8.

{6} The State appealed the suppression order to the Court of Appeals. *Id.* ¶ 1. In a holding not challenged before this Court by Defendant, the Court of Appeals concluded that the seizure of marijuana observed in

plain view in the possession of a person who was in control of a vehicle and could drive away before a warrant could be obtained was lawful under the exigent circumstances exception to the warrant requirement. *Id.* ¶¶ 10–11. The seizure of the drug paraphernalia on Defendant's person was upheld as the result of a lawful search incident to his arrest for marijuana possession. *Id.* The subsequent seizures of the weapons from the car were held to be constitutionally impermissible, although for different reasons than the fruit of the poisonous tree analysis used by the district court. *Id.* ¶ 12. The Court of Appeals concluded that the suppression hearing record failed to sustain the State's burden of showing that the warrantless weapons seizures were justified by either the exigent circumstances exception or the search incident to arrest exception to the warrant requirement. *Id.* ¶ 16.

{7} We granted the State's petition for writ of certiorari to review the constitutional reasonableness of the weapons seizures from the automobile. Defendant did not cross-petition for certiorari with regard to the initial seizure of the marijuana from his pocket, his resulting arrest for marijuana possession, nor the seizure of the paraphernalia during the search of his person incident to that arrest, and we start from the premise that those procedures were all lawful.

## II. STANDARD OF REVIEW

 {8} Appellate review of a district court's ruling on a motion to suppress involves "a mixed question of fact and law." *State v. Vandenberg,* 2003–NMSC–030, ¶ 17, 134 N.M. 566, 81 P.3d 19. We review the contested facts in a manner most favorable to the prevailing party and defer to the factual findings of the district court if substantial evidence exists to support those findings. *State v. Urioste,* 2002–NMSC–023, ¶ 6, 132 N.M. 592, 52 P.3d 964. In this case, the parties stipulated to the report of the arresting officer as the factual basis for the suppression ruling, so we need address only the purely legal question of the objective constitutional reasonableness of the officer's actions, in light of the totality of the circumstances. *See Vandenberg,* 2003–NMSC–030,

¶ 19, 134 N.M. 566, 81 P.3d 19. "Although our inquiry is necessarily fact-based it compels a careful balancing of constitutional values, which extends beyond fact-finding," and is conducted by this Court through a de novo review. *State v. Ryon,* 2005–NMSC–005, ¶ 11, 137 N.M. 174, 108 P.3d 1032.

## III. DISCUSSION

{9} The State advances two related but doctrinally distinct arguments to justify the warrantless weapons seizures from Defendant's automobile: (1) that the seizures occurred during a search incident to Defendant's custodial arrest for marijuana possession, and (2) that the seizures were justified by the exigent circumstances exception to the warrant requirement.

### A. A Warrantless Search is Presumptively Unreasonable.

 {10} Any warrantless search analysis must start with the bedrock principle of both federal and state constitutional jurisprudence that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable," subject only to well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). "Warrantless seizures are presumed to be unreasonable and the State bears the burden of proving reasonableness." *State v. Weidner,* 2007–NMCA–063, ¶ 6, 141 N.M. 582, 158 P.3d 1025.

{11} Despite the constitutional preference for interposing a neutral judicial officer between the police and the citizen before a search may be conducted, our courts have historically recognized that it is not always reasonable to require a warrant and have developed a number of well-established exceptions to the warrant requirement, including the search incident to arrest and exigent circumstances exceptions relied on by the State in this case. *See State v. Duffy,* 1998–NMSC–014, ¶ 61, 126 N.M. 132, 967 P.2d 807.

{12} Because both the United States and the New Mexico Constitutions provide overlapping protections against unreasonable searches and seizures, we apply our interstitial approach set forth in *Gomez,* 1997–

NMSC–006, ¶¶ 19–23, 122 N.M. 777, 932 P.2d 1. *Gomez* requires that we first consider whether the United States Constitution makes the challenged police procedures unlawful under the United States Constitution. *Id.* ¶ 19. If so, the fruits usually must be suppressed as evidence. If not, we next consider whether the New Mexico Constitution makes the search unlawful. *Id.*

## B. The Seizures Were Not Justified by the Search Incident to Arrest Exception.

■ {13} One of the most firmly established exceptions to the warrant requirement is "the right on the part of the government, always recognized under English and American law, to search the person of the accused when legally arrested." *Weeks v. United States,* 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914). Warrantless searches incident to arrest have been considered reasonable because of the practical need to prevent the arrestee from destroying evidence or obtaining access to weapons or instruments of escape, without any requirement of specific probable cause to believe weapons or evidence are present in a particular situation. *State v. Paul T.,* 1999–NMSC–037, ¶ 11, 128 N.M. 360, 993 P.2d 74.

■ {14} Until relatively recently, the federal search incident to arrest exception was construed in the same fashion as the New Mexico exception, as a rule of reasonable necessity to keep the arrestee from accessing any potential weapons or evidence. In *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the United States Supreme Court specifically recognized that the scope of a lawful search incident to arrest was defined and limited by its supporting justification. The search was therefore limited to "the area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Id.* at 763, 89 S.Ct. 2034. This was consistent with the established principle that a warrantless search should "be strictly circumscribed by the exigencies which justify its initiation." *Terry v. Ohio,* 392 U.S. 1, 26, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{15} In *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), however, the United States Supreme Court strayed from the traditional case-by-case analysis of whether a search was within the area that could reasonably be considered within the access of the arrestee. Instead, the Court created for the Fourth Amendment a new permissive exception with respect to searches of an automobile incident to the arrest of an occupant. In *Belton,* the Court allowed the search of an automobile whenever an arrestee had been stopped in a car, even if he or she no longer had any access to it at the time of the search. *Id.* at 460, 101 S.Ct. 2860.

{16} In *Thornton v. United States,* 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), the Court extended *Belton's* "bright-line" rule further by holding that even where the secured arrestee had not been in the car at any point during the encounter with the police, a warrantless search of a car incident to his arrest could be conducted if he had been a "recent occupant" at the time of his arrest. *Id.* at 617, 622, 124 S.Ct. 2127.

{17} Under the current *Belton–Thornton* interpretation of the Fourth Amendment, the police officer in this case would not have violated the United States Constitution by searching Rowell's car automatically as a result of the marijuana arrest, even though the officer had no reason to believe that the handcuffed and secured defendant could have escaped from the patrol car and gained access to any weapons or other evidence in his own car. Pursuant to our interstitial procedure, we therefore turn to an analysis of the protections against unreasonable searches and seizures in Article II, Section 10 of the New Mexico Constitution. *See Gomez,* 1997–NMSC–006, ¶ 19, 122 N.M. 777, 932 P.2d 1.

■ {18} Despite the fact that the search incident to arrest exception is recognized by both the United States Supreme Court and this Court in enforcing our respective Constitutions, our courts are not in lock-step with each other in those interpretations. We are careful to consider the reasoning underlying federal constitutional interpretations when construing our own New Mexico Constitution, but we have declined to adopt federal constitutional analysis where we

found it unpersuasive or flawed. *See, e.g., id.* ¶ 20; *Campos v. State,* 117 N.M. 155, 158, 870 P.2d 117, 120 (1994); *State v. Gutierrez,* 116 N.M. 431, 436, 446–47, 863 P.2d 1052, 1057, 1068–69 (1993); *State v. Cordova,* 109 N.M. 211, 216–17, 784 P.2d 30, 35–36 (1989).

{19} In *Gomez,* this Court rejected a related but analytically different federal bright-line rule that condones warrantless probable cause searches of automobiles at any time or place, even if there is no rational basis for believing that taking the time to apply for a search warrant would compromise any legitimate law enforcement or public safety interests. *Gomez,* 1997–NMSC–006, ¶¶ 34–35, 122 N.M. 777, 932 P.2d 1. This federal blanket rule purportedly was based on the traditional exigent circumstances warrant exception, but the United States Supreme Court created a broadened categorical exception that did not require any inquiry into the true exigencies of a situation, so long as (1) there was probable cause for the search, and (2) the search took place in an automobile. *Id.* ¶ 34. As discussed in more depth in II.C., *infra, Gomez* rejected the federal approach and reaffirmed the continued viability of the time-honored totality of the circumstances analysis in interpreting the reasonableness requirements for warrantless searches under our New Mexico Constitution. *Id.* ¶ 40.

{20} We reach a similar conclusion here, and we decline the invitation of the State to follow the federal line of cases represented by *Belton* and *Thornton.* The federal use of a search incident to arrest rationale to sanction a warrantless search that has nothing to do with its underlying justification—preventing the arrestee from gaining access to weapons or evidence—is an anomaly that has been criticized widely. *See, e.g., State v. Pierce,* 136 N.J. 184, 642 A.2d 947, 959 (1994); *People v. Blasich,* 73 N.Y.2d 673, 543 N.Y.S.2d 40, 541 N.E.2d 40, 44–45 (1989); *State v. Kirsch,* 69 Or.App. 418, 686 P.2d 446, 448 (1984); *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896, 902 (1995).

{21} The *Belton–Thornton* approach has been described in the legal literature as being both devoid of a reasoned basis in constitutional doctrine and lacking in reasonable guidance to police officers and courts who

must apply it. *See, e.g.,* 3 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 7.1(c), at ·527 (4th ed.2004) (expressing concern that *Belton* creates a risk "that police will make custodial arrests which they otherwise would not make as a cover for a search which the Fourth Amendment otherwise prohibits"); Wayne R. LaFave, *The Fourth Amendment in an Imperfect World: On Drawing "Bright Lines" and "Good Faith,"* 43 U. Pitt. L.Rev. 307, 325 (1982) (stating that "the *Belton* result does a disservice to the development of sound fourth amendment doctrine"); George Dery & Michael J. Hernandez, *Turning a Government Search into a Permanent Power: Thornton v. United States and the "Progressive Distortion" of Search Incident to Arrest,* 14 Wm. & Mary Bill Rts. J. 677, 696 (2005); Catherine Hancock, *State Court Activism and Searches Incident to Arrest,* 68 Va. L.Rev. 1085, 1131 (1982); Leslie A. Lunney, *The (Inevitably Arbitrary) Placement of Bright Lines:* Belton *and Its Progeny,* 79 Tul. L.Rev. 365, 369 (2004); David S. Rudstein, Belton *Redux: Reevaluating* Belton's *Per Se Rule Governing the Search of an Automobile Incident to an Arrest,* 40 Wake Forest L.Rev. 1287, 1288 (2005).

{22} In *Thornton* itself, five justices expressed their dissatisfaction in separate opinions. "[L]ower court decisions seem now to treat the ability to search a vehicle incident to the arrest of a recent occupant as a police entitlement rather than as an exception justified by the twin rationales of *Chimel* .... That erosion is a direct consequence of *Belton's* shaky foundation." *Thornton,* 541 U.S. at 624, 124 S.Ct. 2127 (O'Connor, J., concurring in part). "The Court's effort to apply our current doctrine to this search stretches it beyond its breaking point, and for that reason I cannot join the Court's opinion." *Id.* at 625, 124 S.Ct. 2127 (Scalia & Ginsburg, JJ., concurring in the judgment). "[T]he Court extends *Belton's* reach without supplying any guidance for the future application of its swollen rule." *Id.* at 636, 124 S.Ct. 2127 (Stevens & Souter, JJ., dissenting).

{23} In New Mexico, we have tried to make sure that our State constitutional jurisprudence remains true to its doctrinal foun-

dations. With respect to the permissible scope of searches incident to arrest, the Court of Appeals held in *State v. Arredondo*, 1997–NMCA–081, ¶ 29, 123 N.M. 628, 944 P.2d 276, *overruled in part on other grounds by State v. Steinzig*, 1999–NMCA–107, 127 N.M. 752, 987 P.2d 409, that a search of an automobile under the New Mexico Constitution could not reasonably be condoned unless the area searched was at that time within the range of the arrestee's potential ability to access any weapons, evidence or means of escape. *See also State v. Pittman*, 2006–NMCA–006, ¶ 7, 139 N.M. 29, 127 P.3d 1116; *State v. Gutierrez*, 2004–NMCA–081, ¶¶ 11–12, 136 N.M. 18, 94 P.3d 18. We agree with those decisions of the Court of Appeals. They provide sufficient latitude in allowing searches incident to arrest where they can be justified on principle, while refusing to broaden exceptions to New Mexico's constitutional warrant requirement beyond their own justifications. When lines need to be drawn in creating rules, they should be drawn thoughtfully along the logical contours of the rationales giving rise to the rules, and not as artificial lines drawn elsewhere that are unrelated to those rationales.

{24} Our search incident to arrest exception is a rule of reasonableness anchored in the specific circumstances facing an officer. Deciding whether there is a reasonable threat of a suspect being able to gain access to an area to get a weapon or evidence is the kind of decision officers are trained to make. In *Arredondo*, for example, the Court of Appeals concluded that an officer was justified in searching the passenger area of a stopped automobile, even though the driver was standing outside the car when the search took place, because the driver was in a position "to gain quick access to a weapon located on the front seat or adjacent floor area of his vehicle." *Arredondo*, 1997–NMCA–081, ¶ 19, 123 N.M. 628, 944 P.2d 276; *see also Gutierrez*, 2004–NMCA–081, ¶ 11, 136 N.M. 18, 94 P.3d 18 (upholding a search of a car incident to arrest where a passenger was in a position to access the inside of the car at the time of the search). These kinds of evaluations, both by the officer on the scene and by a reviewing court later, are much easier determinations than having to decide instead whether an arrestee was a sufficiently "recent" occupant of a car to justify a search, without the guidance of any principled standards for applying the "recency" concept.

{25} The Court of Appeals properly declined the State's invitation to use the search incident to arrest exception to justify the search of Defendant's car on the facts of this case. There simply was no reasonable basis for concluding that this handcuffed defendant locked inside a patrol car was in any position to escape and get to the contents of his own car to gain access to any weapons or evidence. If the warrantless search of the car is to be upheld under these facts, it will have to be justified by a sounder theory.[1]

## C. The Seizures Were Justified by the Exigent Circumstances Exception.

{26} The State also relies on the exigent circumstances exception to the warrant requirement, which permits a search in

---

1. To the extent that the opinion of the Court of Appeals in this case could be interpreted as suggesting that a warrantless search of a vehicle after a suspect is already under arrest requires a particularized belief that a suspect is armed and dangerous, it is incorrect. *See Rowell*, 2007–NMCA–075, ¶ 18, 141 N.M. 783, 161 P.3d 280 ("In order to justify the entry into a vehicle to seize a weapon from a vehicle when a suspect is already under arrest, there 'must be a reasonable suspicion the suspect is both armed *and* dangerous.'" (quoting *State v. Garcia*, 2005–NMSC–017, ¶ 31, 138 N.M. 1, 116 P.3d 72)). In *Garcia*, this Court stated that New Mexico courts have permitted "police officers, while conducting an *investigatory stop*, to carry out a limited search of the car for weapons, if the officer has a reasonable belief the suspect may be armed and dangerous." 2005–NMSC–017, ¶ 30, 138 N.M. 1, 116 P.3d 72 (emphasis added). An investigatory stop does not involve the procedures of taking a person into custody. When a full custodial arrest takes place, we do not require an officer to show particularized facts to support a belief that the suspect is either armed or dangerous. Given the exigencies always inherent in taking an arrestee into custody, a search incident to arrest is a reasonable preventative measure to eliminate any possibility of the arrestee's accessing weapons or evidence, without any requirement of a showing that an actual threat exists in a particular case. *See Pittman*, 2006–NMCA–006, ¶¶ 7, 10, 139 N.M. 29, 127 P.3d 1116; *Arredondo*, 1997–NMCA–081, ¶ 27, 123 N.M. 628, 944 P.2d 276.

circumstances where it would be unreasonable to insist upon the procurement of a warrant. This concept does not depend on the fact of an arrest. It is based instead on the combined presence of (1) probable cause to believe that lawfully seizable items are present, and (2) case-specific exigent circumstances that make it reasonable to conduct the search without first going to a judicial officer and obtaining a search warrant. *See Gomez*, 1997–NMSC–006, ¶ 42, 122 N.M. 777, 932 P.2d 1; *State v. Gallegos*, 2003–NMCA–079, ¶ 10, 133 N.M. 838, 70 P.3d 1277.

{27} Probable cause existed in this case as soon as Defendant admitted that he had a shotgun in his car on the grounds of a school. New Mexico law makes it a felony to bring any deadly weapon onto school premises. *See* § 30–7–2.1(A) (stating that the "[u]nlawful carrying of a deadly weapon on school premises consists of carrying a deadly weapon on school premises"); *see also* § 30–7–2.1(B)(2) (including as school premises "public buildings or grounds, including playing fields and parking areas that are not public school property, in or on which public school-related and sanctioned activities are being performed"). Because the officer had probable cause to search the car, the only question left to be decided is whether the officer had to forego a search of the automobile to retrieve the weapon until he first obtained a search warrant, or whether instead the exigent circumstances doctrine permitted an immediate warrantless search.

{28} In *Gomez*, this Court reaffirmed the continuing validity of the fact-based exigent circumstances exception for automobile searches while rejecting the federal approach of a blanket automobile exception to the warrant requirement. "Our purpose [in *Gomez* ] was to keep intact the fact-specific nature of reasonableness determinations under search and seizure principles." *State v. Bomboy*, 2008–NMSC–029, ¶ 6, 144 N.M. 151, 184 P.3d 1045. As with the search incident to arrest exception under our New Mexico Constitution, the application of the exigent circumstances doctrine is guided by its justifying rationale and applied through the lens of reasonableness.

{29} The federal and New Mexico Constitutions are not a guarantee against all searches and seizures, only unreasonable ones. *See Gomez*, 1997–NMSC–006, ¶ 36, 122 N.M. 777, 932 P.2d 1; *United States v. Sharpe*, 470 U.S. 675, 682, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). The facts in *Gomez* are illustrative. The officer in that case was dispatched to investigate a disturbance at a crowded nighttime party. *Gomez*, 1997–NMSC–006, ¶ 4, 122 N.M. 777, 932 P.2d 1. When he arrived, he witnessed the defendant attempting to conceal something in his car, and he detected the odor of marijuana. *Id.* ¶ 5. The officer therefore had probable cause to believe the car contained contraband. *Id.* ¶ 41. While it would have been permissible for the officer to arrest the defendant and leave the car unattended while he left to obtain a search warrant, this Court rejected the notion that the Constitution prohibited the officer from choosing to secure the evidence immediately, given the realistic danger that someone might remove the car or the drug evidence in the interim. *Id. Gomez* therefore affirmed the district court's denial of the suppression motion and held that under the specific facts and circumstances, the officer reasonably determined exigent circumstances justified his warrantless search of the vehicle. *Id.* ¶ 46.

{30} The reasonableness inquiry looks at the particular facts of a situation to evaluate whether an objectively reasonable, well-trained officer could have determined that swift action was called for to prevent destruction of evidence, the escape of a suspect or undue risk to life or property. *See id.* ¶¶ 39, 40. The test, like so many others in both civil and criminal law, is one of objective reasonableness.

{31} Our approach protects both the legitimate constitutional protections of our citizens and our realistic needs for police protection. Where a warrant can be obtained without sacrificing legitimate law enforcement interests, it should be obtained. Conversely, where the circumstances make obtaining a warrant objectively unreasonable, an immediate warrantless search will be upheld. In *Gomez* itself, we emphasized that in refusing to "accept the federal bright-line

automobile exception" to the warrant requirement, we still understood that "in most cases involving vehicles there will be exigent circumstances." *Id.* ¶ 44. In our recent *Bomboy* decision, we rejected the notion that *Gomez* intended to place a constitutional strait-jacket on reasonable police behavior, and we specifically disapproved of decisions that tended to apply *Gomez's* warrant requirement "too broadly." *Bomboy*, 2008–NMSC–029, ¶ 12, 144 N.M. 151, 184 P.3d 1045.

{32} In *Bomboy*, we upheld the decision of a police officer to make a warrantless seizure of methamphetamine from inside a car after he observed it in plain view through the driver's window during a traffic stop. *Id.* ¶ 2. Taking the defendant into custody would not have resolved the exigencies presented by the obvious drugs in the car. This Court recognized that if the officer had not secured the evidence promptly, it easily could have been tampered with or destroyed by others. *Id.* ¶ 13. We therefore reversed a decision of the Court of Appeals that had interpreted *Gomez* to require that the drugs be left in the car in plain view while the officer went to obtain a search warrant. *Id.* ¶ 2.

{33} We reach a similar result in the circumstances of the case before us. The officer was faced with a situation where he knew that a car he had just stopped on school premises during the lunch recess contained an extremely dangerous weapon. Bringing a shotgun or other deadly weapon onto school grounds poses such a high risk of danger that the Legislature specifically has made it a felony offense. *See* § 30–7–2.1. It was certainly not unreasonable for the Legislature to conclude that the presence of dangerous weapons on school property is an intolerable threat to the safety of students and teachers, and it was not objectively unreasonable for Officer Thomas to act immediately to remove the weapons from the car and the school grounds. Even without the dramatic examples of recent tragedies involving firearms on school campuses, the very real dangers of deadly weapons on school grounds are obvious.

{34} Defendant's lack of personal access to the vehicle at the time of the search did not resolve all the exigencies of the continuing presence of the firearm. Just as the automobile and its contraband remained accessible to others in *Gomez*, the deadly contents of Defendant's car remained accessible to students and others until the officer took prompt steps to secure the weapons.

{35} Once Officer Thomas knew that there was at least one firearm in the car, he was justified in searching every place inside where a weapon and its explosive ammunition might be located. He was not obligated to stop his search as soon as he found the first weapon. Finding an additional loaded firearm, other weapons and spare ammunition only served to enhance the good cause the officer had to continue his search of both the passenger compartment and the trunk to make sure he would secure the entire arsenal of weapons. None of the items observed and seized during that search should have been excluded from consideration as evidence on the basis of their having been found during a warrantless search of the car. We therefore reverse the contrary determinations of the district court and the Court of Appeals.

## IV. CONCLUSION

{36} We hold that the weapons search of Defendant's car on school grounds was reasonable under the exigent circumstances exception to the warrant requirement. To the extent that the opinion of the Court of Appeals affirmed the suppression of evidence ordered by the district court, we reverse and remand to the district court for further proceedings consistent with this Opinion.

{37} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.