IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                           NO. 28,891

ADALY MORENO,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Douglas R. Driggers, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

CASTILLO, Judge.

    Defendant appeals her convictions of child abuse, tampering with evidence, and possession of drug paraphernalia. In particular, she contends that the district court

erred in denying her motion to suppress evidence and in failing to order further mental assessment prior to sentencing. In our notice, we proposed to affirm the conviction. Defendant has timely responded. We have considered her arguments and not being persuaded, we affirm.

Defendant moved to suppress evidence obtained as the result of a search of her residence on the basis that the police officer initially entered her home without a warrant. We pointed out in our notice that there are certain exceptions to the warrant requirement, including consent. *State v. Rowell*, 2007-NMCA-075, ¶ 17, 141 N.M. 783, 161 P.3d 280, *rev'd on other grounds*, 2008-NMSC-041, 144 N.M. 371, 188 P.3d 95. Here, the trial court found that Defendant had consented to the officer entering her home. [RP 122, fof 2] Defendant appears to be arguing that there was insufficient evidence to support that finding.

She contends that she did not give consent to enter her home. However, the officer testified that when he was met at the front door of the residence by Defendant, he asked if he could come in and Defendant gave him permission to do so. Defendant's assertion that she did not give consent only created a conflict in the facts, which the trier of fact must resolve. Such a resolution of credibility and conflicts is appropriate on a motion to suppress. *State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct. App. 1983). We conclude that the officer's testimony provided

sufficient evidence to support a finding of consent to enter the residence.

Because Defendant consented to the officer's entry into her home, there was no basis to support the motion to suppress evidence obtained from that entry.

Defendant also contended that the district court erred in failing to order further mental assessment and evaluation before sentencing her. In our notice, we pointed out that we knew of no authority requiring a sentencing court to follow the recommendation of the diagnostic evaluation. Defendant continues to argue that the district court abused its discretion in failing to follow the recommendation. She does not, however, explain how the decision to not follow the recommendation was "clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (explaining an abuse of discretion). We hold that the district court did not abuse its discretion in failing to follow the recommendation of the diagnostic evaluation and order more assessment of Defendant.

For the reasons stated herein and in the notice of proposed disposition, we affirm the convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

3

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL E. VIGIL, Judge**