FRY, Chief Judge, dissenting. {30} I do not agree that the district court’s denial of Defendant’s suppression motion should be reversed. I do not think that Defendant adequately preserved his argument that the circumstances of the search were unreasonable. In addition, even if Defendant had properly preserved his chailenge, I would conclude that the search as undertaken struck the appropriate balance between Defendant’s privacy interests and the public’s interest in safety and the preservation of evidence. {31} The transcript of the suppression hearing establishes that the litigants and the district court did not focus on the reasonableness of the search. Instead, the testimony and counsel’s arguments surrounded the validity of the traffic stop. The testimony comprises forty-three pages of the transcript, and of those forty-three pages, only seven pages contain testimony regarding the circumstances surrounding the search. Defense counsel’s closing argument comprises almost three pages of the transcript, yet the only argument made regarding the search consisted of the following sentences: “The search, itself},] was overly intrusive____ [T]here was no reason for him to put his hand down [Defendant’s] pants, and fumble around his private areas looking for drugs.” Defense counsel made no argument at all about the area where the search took place, and he certainly did not contend that the officers failed to take reasonable steps to protect Defendant’s privacy. Defense counsel did not cite a single case on the issue of strip searches or reach-in searches. {32} Generally speaking, I do not think it is appropriate for this Court to raise lack of preservation on our own initiative because I view that to be the responsibility of the appellee, and the State does not raise this issue in this case. However, on a record as deficient as this one, I believe we should be reluctant to establish the constraints on the police officer’s conduct that the majority has adopted. This is an issue of first impression in New Mexico jurisprudence, and I think we should make new law only on the basis of a fully developed record. {33} That being said, even if Defendant’s offhand argument below could be deemed adequate preservation, I would conclude that the search was reasonable under the circumstances. The testimony of the only witness found to be credible, Officer Simbala, established reasonable suspicion (acknowledged by the majority) that Defendant may have concealed a weapon or contraband in his pants. Defendant was placed between the police car and Defendant’s vehicle, and Officer Simbala then pulled the waistband of Defendant’s pants out — not down. Defendant himself acknowledged that only he and Officer Simbala could see Defendant’s genitals. Upon seeing the baggy in Defendant’s underwear, Officer Simbala reached in with a gloved hand and removed the baggy. Given the possibility that Defendant might have concealed a gun in his pants, it was reasonable for Officer Simbala to find and remove the concealed item immediately after he arrested Defendant and certainly before attempting to transport Defendant in the patrol car. See Rowell, 2008-NMSC-041, ¶ 13, 144 N.M. 371, 188 P.3d 95 (explaining that “searches incident to arrest have been considered reasonable because of the practical need to prevent the arrestee from destroying evidence or obtaining access to weapons”). In my view, this possibility constituted an exigency supporting the search as it was conducted. Even if the officers could have walked Defendant to a more private location before conducting the search, “[t]he reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative less intrusive means.” Lafayette, 462 U.S. at 647, 103 S.Ct. 2605 (internal quotation marks omitted). As the court noted in Bazy, “[w]hile plainly more than a pat-down search, the intrusion here was still limited in scope. [Defendant ... was not required to disrobe or to submit to a visual body cavity search.” 1994 WL 539300, *7. Consequently, I would hold that Officer Simbala’s search struck the appropriate balance between Defendant’s privacy interests and concern for the public’s safety and the preservation of evidence. I would affirm.