GARCIA, Judge (specially concurring). {27} I write to specially concur with the result reached by the majority but disagree with the determination that a constitutionally protected search was not initiated by Officer Jensen when he opened the driver’s side door to further his DWI investigation. See Majority Opinion ¶¶ 4,10,20-24. Because a search was initiated when Officer Jensen opened the driver’s side door of the vehicle to further his DWI investigation, this Court cannot rely solely upon the reasonable suspicion that justified Officer Jensen’s initial investigation and seizure of the vehicle. We must also address the search that occurred when the driver’s side door was opened by Officer Jensen. In doing so, the facts must also support a determination that probable cause existed for Officer Jensen to continue his search for the male driver of the vehicle that was reported to be very intoxicated and driving erratically in the restaurant parking lot minutes before he arrived. Exigent circumstances must also have existed to open the driver’s side door and determine whether the only male occupant, located in the back seat, was in fact the suspected DWI driver that had been reported to Officer Jensen by dispatch. {28} At the suppression hearing, Officer Jensen did not describe any aggressive actions by the occupants of the parked vehicle that might trigger serious officer safety concerns as he approached it and noticed the dark tinted windows, lack of an occupant in the driver’s seat, one male and one female occupant located elsewhere inside the vehicle, and the driver’s side window cracked open “a couple of inches.” Majority Opinion ¶ 4; See State v. Ketelson, 2011-NMSC-023, ¶¶ 20-27, 150 N.M. 137, 257 P.3d 957 (analyzing Article II, Section 10 and addressing the officer safety concerns involved in the temporary removal of a visible gun from a vehicle during a routine traffic stop and the reasonableness of such an action when the occupants are not otherwise acting aggressively to establish the type of officer safety concerns that create exigent circumstances to conducían immediate search or seizure). Because there was nobody in the driver’s seat to open the window any further, Officer Jensen simply decided to open the driver’s side door to continue his investigation and search for the driver. Majority Opinion ¶ 4. No evidence was presented to establish that the two occupants were unable to open the driver’s side window further or, alternatively, open any of the other windows or doors in the vehicle to talk to Officer Jensen if he had instructed them to do so. We recognize that the owner of a vehicle has a reasonable expectation of privacy to challenge whether a reasonable search or seizure of the vehicle has occurred. See Gomez, 1997-NMSC-006, ¶¶ 36-40 (requiring the state to establish both probable cause and exigent circumstances to initiate the search of a vehicle that has been seized by law enforcement). We must now address Defendant’s constitutional challenge that was raised because Officer Jensen did initiate a warrantless search within the suspect vehicle when he affirmatively acted to open the driver’s side door to continue his DWI investigation. See State v. Leticia T., 2014-NMSC-020, ¶ 12, 329 P.3d 636 (“A warrantless entry into a vehicle under the exigent circumstances exception requires probable cause plus exigent circumstances.”); State v. Rowell, 2008-NMSC-041, ¶¶ 26, 31, 144 N.M. 371, 188 P.3d 95 (recognizing that warrants are favored and a warrant is required to enter the vehicle unless a recognized exception to the warrant requirement can be proven); State v. Garcia, 2005-NMSC-017, ¶ 29, 138 N.M. 1, 116 P.3d 72 (“However, even with an object in plain view, an officer may not enter the car and seize the object, without either consent, a warrant, or exigent circumstances.”). {29} Before initiating a search inside Defendant’s vehicle, probable cause must be established and a search warrant must be issued, unless sufficient exigent circumstances also exist to justify an immediate search without a warrant. See Martinez, 2010-NMSC-033, ¶ 14 (clarifying that “law enforcement officers conducting DWI investigations . . . [would] be subjected to the constitutional probable cause inquiry of felony warrantless arrests”); Rowell, 2008-NMSC-041, ¶¶ 26, 31; Gomez, 1997-NMSC-006, ¶¶ 36-40. Ultimately, the legality of a search turns on the question of reasonableness and we review this determination de novo. State v. Ryon, 2005-NMSC-005, ¶ 11, 137 N.M. 174, 108 P.3d 1032. Here, the facts known to Officer Jensen were sufficiently reasonable to provide him with probable cause to continue his search. See State v. Snedeker, 1982-NMSC-085, ¶ 21, 99 N.M. 286, 657 P.2d 613 (“Probable cause . . . exists where the facts and circumstances within the knowledge of the officers, based on reasonably trustworthy information, is sufficient to warrant a man of reasonable caution to believe that an offense has been or is being committed.” (internal quotation marks and citation omitted)). The investigation centered around a male drunk driver who had been reported to be erratically driving this particular vehicle in the restaurant parking lot only minutes before the officer arrived, and only one male was located as an occupant inside the vehicle when he looked through the opening in the driver side window. Majority Opinion ¶¶ 3-4. After confirming that only one male occupant was located inside the vehicle and seeing that nobody was seated in the driver’s seat to open the door or respond to questioning, I agree with the majority that it was objectively reasonable for Officer Jensen to continue his search for the male driver by opening the driver’s side door to speak with the occupants. See Leticia T., 2014-NMSC-020, ¶¶ 13, 15-19 (recognizing that probable cause was established by the facts known to the officers and their reasonable belief “that someone in the vehicle was armed and had just assaulted individuals with a rifle”); see also Snedeker, 1982-NMSC-085, ¶ 22 (recognizing that when the court is determining whether probable cause exists, “(1) only a probability of criminal conduct need be shown; (2) there need be less vigorous proof than the rules of evidence require to determine guilt of an offense; (3) common sense should control; [and] (4) great deference should be shown by [the] courts[.]” (internal quotation marks and citations omitted)). Under this standard of reasonableness and common sense, Officer Jensen had probable cause to open the driver’s side door and investigate whether the one male occupant seated in the back seat was in fact the person who was reported driving this particular vehicle under the influence of alcohol minutes before he arrived. {30} Here, exigent circumstances also existed to justify a continuation of the search for the driver among the occupants inside without first obtaining a search warrant. See Leticia T., 2014-NMSC-020, ¶ 22 (cautioning lower courts in a warrantless vehicle search case to address the range of constitutional choices that an on-scene officer must make and be mindful that, “[fjirst, if reasonable people might differ about whether exigent circumstances existed, we defer to the officer’s good judgment . . . [and sjecond, we should not let our preference for warrants result in overriding an officer’s on-the-scene decision to act immediately where immediate action is one of the lawful options” (alteration, internal quotation marks, and citation omitted)); see also Martinez, 2010-NMSC-033, ¶ 15 (recognizing that an officer is not “prohibited from making a warrantless arrest of a suspected drunk driver based on the fact that the officer did not actually observe the incident [because i]f the officer chose to pursue the investigation and obtain a warrant, the evidence needed for the subsequent prosecution could be diluted or lost entirely . . . [and] there is also a risk that during the time period in which the officer is obtaining a warrant, a suspect may get into his or her car and drive away, endangering both himself or herself and the public at large”); Ryon, 2005-NMSC-005, ¶ 26 (recognizing that “[s]ince there is a lesser privacy expectation in a vehicle[,] . . . an involuntary search or seizure there is judged by a lower standard of reasonableness”). When analyzing the facts to determine whether exigent circumstances exist, “[t]he inquiry is an objective test, not a subjective one, into whether a reasonable, well-trained officer would have made the judgment this officer made.” Gomez, 1997-NMSC-006, ¶ 40. {31} Again, after confirming that only one male occupant was located inside the vehicle and seeing that nobody was seated in the driver’s seat to open the door or respond to questioning, an objectively reasonable exigency existed in this DWI investigation to justify Officer Jensen’s continuation of his search for the intoxicated male driver by opening the driver’s side door to speak with the male occupant in the back seat. Because Officer Jensen had sufficient facts to provide probable cause to continue his search for the driver of the suspect vehicle and exigent circumstances also existed to open the driver’s side door and contact the only male occupant that was seated in the back seat, his search was in compliance with both the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. {32} For the reasons stated herein, I specially concur with the majority’s decision to deny Defendant’s motion to suppress and affirm his DWI conviction. TIMOTHY L. GARCIA, Judge