This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. A-1-CA-36384**

**CELINA HOLGUIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora , District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee


Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford
Albuquerque, NM

for Appellant


**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's sentencing order that convicted Defendant for aggravated DWI. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded that Defendant has demonstrated error. We, therefore, affirm.

{2}     In her docketing statement, Defendant maintained that the officer lacked reasonable suspicion to stop her and to expand the stop into a DWI investigation. [DS 7-8] Our notice proposed to review the unpreserved challenge to the stop under a plain error analysis and proposed to hold that the officer had reasonable suspicion on grounds that differed from the reasoning in the district court's memorandum opinion. Defendant's response to our notice does not oppose our proposed disposition; thus, she has abandoned the issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

{3}     Defendant's response pursues only her challenge to the expansion of the stop into a DWI investigation. [MIO 1-4] Defendant continues to emphasize pretrial testimony that was not admitted into evidence. [MIO 2] The district court pointed out that the pretrial testimony, therefore, was not a matter of record. [RP 9] Defendant

does not state otherwise. "Matters not of record present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296; *see In re Aaron L.,* 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs."). Like the district court, we will not consider the pretrial testimony.

{4}     Defendant also relies on conflicts in the evidence—the wavering testimony of Officer Abeyta and the lapel video—which are relevant to the question of whether Officer Abeyta could actually smell alcohol on Defendant. [MIO 3-4] As our notice explained, Defendant's arguments regarding her characterization of the lapel video and the officer's statements about his ability to detect an odor of alcohol [DS 3-4, 8] ask us to reweigh the evidence and resolve potential conflicts in testimony, which is not the role of an appellate court. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We defer to the facts found, including contested facts, where the findings are supported by the evidence, and then determine, de novo, whether they are legally sufficient to support a reasonable suspicion of criminal activity. *See State v. Rowell*, 2008-NMSC-041, ¶ 8, 144 N.M. 371, 188 P.3d 95 ("We review the contested facts in a manner most favorable to the prevailing party and defer to the factual findings of the

3

district court if substantial evidence exists to support those findings."); *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861 ("Our review of a district court's determination of whether reasonable suspicion existed is de novo based on the totality of the circumstances.").

{5}    Here, the State presented evidence of intoxication, upon which the officer could base a reasonable suspicion of DWI: Officer Abeyta testified, and the lapel video showed, that he smelled an odor of alcohol on Defendant initially, Defendant staggered, slurred her speech, was sobbing, and had bloodshot, watery eyes. [RP 93] We hold that these circumstances, combined also with Officer Abeyta's knowledge of Defendant's reported behavior at the apartment building—supplied the officer with reasonable suspicion to investigate the possibility that Defendant was impaired by alcohol and was not safe to continue driving. [RP 85, 93] *See, e.g.*, *Schuster v. N.M. Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶ 30, 283 P.3d 288 (holding that the officer had reasonable suspicion to expand what was a community caretaking function into a DWI investigation based on the odor of alcohol from the defendant, the defendant's bloodshot and watery eyes and admission to drinking two beers).

{6}    For the reasons stated in our notice and in this opinion, we affirm the district court's judgment affirming the sentencing order of the metropolitan court.

{7}    **IT IS SO ORDERED.**

4

                                 _____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**JULIE J. VARGAS, Judge**