This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42532**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**MAXIMILLIAN H.,**

Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William Parnall, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** The State appeals the district court's order suppressing evidence obtained as a result of a warrantless search of M.H.'s (Child) backpack while Child was on the premises of a local public school at which he was a student. The State argues that testimony produced at the suppression hearing establishes that exigent circumstances permitted the initially warrantless intrusion of Child's backpack, and the district court erred in concluding otherwise. We agree with the State and reverse.

**BACKGROUND**

**{2}** On November 15, 2024, Child, who was a student at a public high school in Albuquerque, New Mexico, went to school carrying a backpack that allegedly contained a loaded firearm. During Child's first class, which was in the school's gymnasium, Child told at least two other students that he had the firearm in his backpack and showed them the weapon. Several students later informed one of the school's assistant principals that Child had a firearm "in his backpack." The assistant principal, in turn, notified one of the school resource officers (SROs), Officer Klein, who is a certified law enforcement officer employed by the Albuquerque Public Schools (APS) Police Department, of the report. Notably, Officer Klein was at the time also aware of reports that another student, who had allegedly "battered" or "beaten up" Child earlier the same morning, was in possession of an additional firearm. Other APS officers investigated these allegations but did not find a firearm in that student's possession.

**{3}** After receiving the report regarding Child from the assistant principal, Officer Klein and two other SROs proceeded to the classroom—Child's second class of the day—where Child was then located, apprehended Child, and brought him back to the school's administrative office. While departing the classroom, Officer Klein picked up some of Child's belongings that were on his desk, stuffed them in Child's backpack, which was also near his desk, and took the backpack to the administrative office.

**{4}** At the administrative office, Officer Klein searched Child's backpack without a warrant to "see if [Child] had a firearm." Officer Klein did not open all of the backpack's compartments but, while his hand was in one of them, felt the outline of a firearm resting in another pocket of the backpack. Officer Klein, being then assured the firearm was secured, stopped searching and awaited the issuance of a search warrant. In the meantime, another APS officer, Sergeant Martinez, arrived at the scene, and Officer Klein advised Sergeant Martinez that he had felt what he believed to be a firearm in Child's backpack.

**{5}** A search warrant was obtained later that afternoon, and, after another search was conducted pursuant to that warrant, a firearm and ammunition were found in Child's backpack. Child was subsequently charged with unlawfully carrying a deadly weapon on school premises, contrary to NMSA 1978, Section 30-7-2.1 (1994), and unlawfully possessing a handgun while under the age of nineteen, contrary to NMSA 1978, Section 30-7-2.2 (2022).

**{6}** Child moved to suppress the evidence gained from the second search of his backpack, arguing, in pertinent part, that Officer Klein's initial warrantless intrusion into the bag was unconstitutional and what he learned during that search—the presence of a firearm in another pocket—was used in the search warrant's affidavit. After a hearing at which both Officer Klein and Sergeant Martinez testified, the district court granted Child's motion. The State appeals.

**DISCUSSION**

**{7}** "Appellate review of a district court's ruling on a motion to suppress involves a mixed question of fact and law." *State v. Rowell*, 2008-NMSC-041, ¶ 8, 144 N.M. 371, 188 P.3d 95 (internal quotation marks and citation omitted). "Thus, our review of this case involves two parts: the first is a factual question, which we review for substantial evidence; the second is a legal question, which we review de novo." *See State v. Vandenberg*, 2003-NMSC-030, ¶ 17, 134 N.M. 566, 81 P.3d 19. Here, the pertinent facts are not in dispute, so our review is limited to the district court's legal conclusions drawn from those facts in light of the totality of the circumstances and is de novo. *See Rowell*, 2008-NMSC-041, ¶ 8.

**{8}** In New Mexico, the government may only search a person's property in two circumstances: under the authority of a lawful search warrant, or if an exception to that requirement applies. *See State v. Paananen*, 2015-NMSC-031, ¶ 29, 357 P.3d 958 ("In New Mexico, a warrantless search is presumed unreasonable unless the search fits within a judicially recognized exception to the warrant requirement."). "[T]he State bears the burden of proving reasonableness." *Rowell*, 2008-NMSC-041, ¶ 10 (internal quotation marks and citation omitted). One exception to the warrant requirement, and the one at issue in this case, is exigency. *See id.* ¶ 26 (recognizing exigent circumstances as an exception to the general warrant requirement).

**{9}** Exigent circumstances are generally defined as those created by "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. Gomez*, 1997-NMSC-006, ¶ 39, 122 N.M. 777, 932 P.2d 1 (internal quotation marks and citation omitted). Exigency permits warrantless searches "where it would be unreasonable to insist upon the procurement of a warrant." *Rowell*, 2008-NMSC-041, ¶ 26. Exigency is based on "the combined presence of (1) probable cause to believe that lawfully seizable items are present, and (2) case-specific exigent circumstances that make it reasonable to conduct the search without first going to a judicial officer and obtaining a search warrant." *Id.* If an investigating officer reasonably believes that exigent circumstances exist, a warrantless search is valid. *Gomez*, 1997-NMSC-006, ¶ 40. "The inquiry is an objective test, not a subjective one, into whether a reasonable, well-trained officer would have made the judgment this officer made. If reasonable people might differ about whether exigent circumstances existed, we defer to the officer's good judgment." *Id.*

**{10}** Beginning with the first requirement, the district court found that probable cause existed to support Officer Klein's belief that Child possessed a firearm in his backpack. Given that Child does not contest this finding on appeal, we turn to the second requirement for exigency, whether the specific facts of this case justify Officer Klein's decision to search Child's backpack "without first going to a judicial officer and obtaining a search warrant." *See Rowell*, 2008-NMSC-041, ¶ 26.

**{11}** During the suppression hearing, Officer Klein repeatedly stated that securing the firearm allegedly in Child's possession was important "for the safety of the community" and "for the safety of the school." Officer Klein further stated that if a gun had not been

found in Child's backpack, he would have extended his search to other areas of the school and possibly other students in order to find it. The district court specifically asked Officer Klein if "there would still have been a concern if there wasn't a gun in [Child's backpack]," and what Officer Klein would have done had no firearm been found therein. Officer Klein confirmed that had he not located the weapon in Child's backpack, he would have been concerned about its location and whether Child had passed it off to another student, and he would have continued searching for it.

{12}    After Officer Klein testified, however, Sergeant Martinez took the stand and offered testimony that suggested, in his view, there to be no safety concerns—and therefore no exigency—once Child's backpack was secured by police. Specifically, on cross-examination, Sergeant Martinez agreed with defense counsel that "once the backpack was under Officer Klein's control," there were no longer any safety concerns because "neither [Child] nor any other students would have access at that point." The State sought to clarify whether Sergeant Martinez would have had concerns if the firearm had not been found in Child's backpack, and the following exchange occurred:

> State: Would there have been concern relating to the classroom that [Child] was previously in and investigating that classroom to see if the firearm had been relocated out of his backpack—if it wasn't in [Child's] backpack?

> Sergeant Martinez:  No. Again, based off of what Officer Klein had learned prior to my arrival at [the school] this firearm, again, would have been in [Child's] possession and/or backpack, so any other threat, possibly in the classroom, that wouldn't have been a concern at that time.

> State: And that's because Officer Klein said he felt the firearm in the backpack?

> Sergeant Martinez:  Yes. And, again, prior to me speaking with [Child] . . . I did . . . interview . . . another student who saw . . . that firearm in [Child's] backpack.

{13}    Based solely on Sergeant Martinez's testimony, the district court concluded that exigent circumstances did not exist to justify Officer's Klein's initial warrantless search. It stated that Sergeant Martinez's statements "undid" any concerns it had regarding whether officers had any lingering safety concerns once Child's backpack was seized. In essence, the district court found that Sergeant Martinez's testimony supported Child's assertion that once his backpack was in the officers' control, the firearm was secure and there were no longer any exigent circumstances justifying a warrantless search. The district court, however, questioned Officer Martinez's testimony and stated it was "ridiculous to believe" that if the firearm had not been found in Child's backpack, the investigation would have ended. On appeal, the State argues that, despite Sergeant

Martinez's testimony, exigent circumstances existed at the time Officer Klein put his hand into Child's backpack, making his warrantless search constitutional. We agree.

**{14}**    We reiterate that exigency is determined by an objective reasonableness standard and is determined by "whether a reasonable, well-trained officer would have made the judgment this officer made." *See Gomez*, 1997-NMSC-006, ¶ 40. Here, Officer Klein had probable cause to believe that Child had a firearm in his backpack earlier that morning. Nonetheless, a substantial amount of time had passed since Child showed the firearm to other students and during which Child had an opportunity to give the gun to someone else or hide it somewhere in the school. Thus, while the evidence available to Officer Klein at the time he detained Child indicated that Child *at some point* possessed a firearm in his backpack, Officer Klein had no way of knowing that the weapon seen on school grounds remained in the backpack when the backpack was seized. Officer Klein knew that Child had just that morning been in an altercation with another student who was also alleged to have possessed a firearm—a matter other APS officers were investigating. Given that Child had been detained in the middle of his classroom, in full view of other students, it was objectively reasonable for Officer Klein to seek to immediately confirm that he had in fact seized the firearm and that it was not then accessible—in some alternate location—to other students who could move, hide, or otherwise use it. *See Rowell*, 2008-NMSC-041, ¶¶ 33-34 (determining that exigency justified an officer's warrantless search of a student's vehicle to prevent other students' access to weapons believed to be inside it).

**{15}**    In our view, Sergeant Martinez's testimony—though reaching a different conclusion than Officer Klein's—does not mitigate the concerns Officer Klein would have had had he not verified that the firearm was in fact in the backpack. Indeed, Sergeant Martinez knew the firearm was in the backpack, knowledge that arose only because Officer Klein had felt it there. Regardless, to the extent Sergeant Martinez's testimony contradicted Officer Klein's concerns, such is immaterial to whether it was *objectively reasonable* for Officer Klein to believe that swift action was then necessary to both locate and secure Child's firearm. *Cf. State v. Vargas*, 1995-NMCA-091, ¶ 10, 120 N.M. 416, 902 P.2d 571 ("Whether a violation of the guarantee against unreasonable search and seizure has occurred depends upon an objective assessment of a police officer's actions based on all the facts confronting the officer, not on the officer's actual state of mind."). That is, whether exigency exists is measured by the facts known to the officer or officers conducting the search at the time of entry. *See State v. Leticia T.*, 2014-NMSC-020, ¶ 12, 329 P.3d 636 ("Exigencies must be known to an officer prior to or at the time of entry."); *see also State v. Attaway*, 1994-NMSC-011, ¶ 28, 117 N.M. 141, 870 P.2d 103 (stating that "[e]xigent circumstances" are "measured at the time of entry."). Thus, exigency in this case is based on what Officer Klein knew— and did not know—at the time he searched Child's backpack. Sergeant Martinez was not present at the time Child or his backpack were seized and only based his opinions on what Officer Klein had discovered.

**{16}**    We conclude the circumstances confronting Officer Klein presented an emergency situation in which it was objectively reasonable for him to "conduct the

search without first going to a judicial officer and obtaining a search warrant." *Cf. Rowell*, 2008-NMSC-041, ¶ 26; *see also id.* ¶ 33 ("[T]he very real dangers of deadly weapons on school grounds are obvious."). Sergeant Martinez's testimony does not suffice to singularly rebut these concerns. The district court was not bound by the subjective beliefs of Sergeant Martinez, who did not conduct the search. Rather, the district court was required to apply an objective standard of reasonableness. Having found Sergeant Martinez's testimony "ridiculous to believe," the district court erred in crediting it over Officer Klein's objectively reasonable beliefs. For the above reasons, we conclude the search of Child's backpack was supported by exigent circumstances.

**CONCLUSION**

**{17}** We reverse the district court's order suppressing evidence.

**{18}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**