This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 32,930**

**MICHELLE GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Defendant appeals from convictions for DWI and possession of a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to reverse in part, and affirm in part. Both Defendant and the State have filed responsive memoranda. After due consideration, we adhere to our initial assessment, and therefore affirm in part, reverse in part, and remand for further proceedings.

{2} Defendant has raised two issues. First, she challenges the denial of a motion to suppress evidence obtained in the course of the arresting officer's search of her wallet. Because we previously set forth the pertinent background information in the notice of proposed summary disposition, we will avoid unnecessary reiteration here.

{3} "An individual has a reasonable expectation of privacy in a wallet, and therefore, the search of [a] wallet implicates the fourth amendment." *State v. Boswell*, 1991-NMSC-004, ¶ 8, 111 N.M. 240, 804 P.2d 1059. In its memorandum in opposition the State suggests that this general rule should not apply, [State's MIO 5-7] because Defendant defeated any expectation of privacy that she might otherwise have had by voluntarily "handing [the wallet] directly to the officer" and by "disclos[ing] its contents." [State's MIO 7] However, Defendant merely asked the officer to retrieve her wallet from the car, [RP 100-101; State's MIO 2; Defendant's MIO 7] and significantly, the metropolitan court appears to have found that Defendant "asked to

have the wallet *brought to her*[.]" (emphasis added). [RP 101] Furthermore, Defendant only disclosed the presence of cash; we find no indication that Defendant informed the officer about the presence of marijuana. [RP 101; State's MIO 2-3; Defendant's MIO 7] We are therefore unpersuaded that this situation is analogous to cases in which incriminating evidence has been voluntarily relinquished to third parties. [State's MIO 6]

{4} The State also suggests that by asking to retrieve the wallet, Defendant implicitly consented to the search of the wallet. [State's MIO 7-11] However, the State's argument is inconsistent with our jurisprudence, which requires clear, unequivocal, and specific consent. *See, e.g.*, *State v. Bond*, 2011-NMCA-036, ¶¶ 12-13, 150 N.M. 451, 261 P.3d 599 (rejecting a claim of implied consent where the defendant did not clearly, unequivocally and specifically consent to a search of her purse).

{5} Finally, the State suggests that Defendant's statement to the officer that the wallet contained a substantial amount of cash essentially invited the officer to verify that the cash was inside, [State's MIO 7-11] "for the protection of Defendant and the officer" [State's MIO 7] as well as to "protect Defendant's money[.]" [State's MIO 11] However, this argument conflates the issue of consent, which is subject to its own premises and prerequisites, *see id.*, with the theoretical justification for inventory

3

searches. *See Boswell*, 1991-NMSC-004, ¶ 14 (observing that the justifications for inventory searches include safeguarding property from loss or theft, and protecting the police from false claims and hidden dangers). While the inventory search exception to the warrant requirement might conceivably have supplied a valid basis for the officer's actions, the State's failure to present the requisite testimony concerning standard police procedures is a fatal deficiency. *See, e.g.*, *State v. Barragan*, 2001-NMCA-086, ¶ 18, 131 N.M. 281, 34 P.3d 1157 (declining to consider an inevitable discovery argument where the State failed to present evidence that a search would have been conducted pursuant to standard inventory procedure), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n. 6, 275 P.3d 110.

{6}     In light of the foregoing considerations, we conclude that Defendant had a reasonable expectation of privacy in her wallet. Because the State failed to establish any justification for the officer's warrantless search, the motion to dismiss was improperly denied. *See generally Bond*, 2011-NMCA-036, ¶ 11 (observing that the [s]tate bears the burden of proving that a warrantless search is reasonable, by demonstrating that the search fits into an exception to the warrant requirement such as consent, inventory search, or search incident to arrest).

{7} Turning to the second issue raised on appeal, Defendant continues to challenge the sufficiency of the evidence to support her conviction for DWI. [Defendant's MIO 17-20]

{8} To summarize, the State presented the testimony of two officers, one of whom stopped Defendant for speeding, and the other of whom conducted the DWI investigation. [DS 2-3] Both officers observed that Defendant's eyes were bloodshot and watery, and that Defendant's breath smelled of alcohol. [DS 3-4] One of the officers also noted Defendant's slurred speech and apparent lack of balance. [DS 4] Defendant admitted to one of the officers that she had consumed alcohol prior to driving. [DS 3] Finally, Defendant failed to satisfactorily perform various field sobriety tests, and her breath-alcohol test results were .07 and .07. [DS 6-7] This evidence is sufficient to support Defendant's conviction. *See, e.g.*, *State v. Nevarez*, 2010-NMCA-049, ¶¶ 33-36, 148 N.M. 820, 242 P.3d 387 (upholding the sufficiency of the evidence to support a conviction for driving while impaired to the slightest degree, based on testimony that the defendant drove his vehicle at a high rate of speed, the defendant had bloodshot watery eyes, the defendant smelled of alcohol and admitted to having consumed alcohol, and the defendant failed to satisfactorily perform field sobriety tests by losing his balance and failing to follow instructions); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there

was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech).

{9}    In her memorandum in opposition Defendant continues to argue that the evidence should be deemed insufficient because the condition of her knees explains her poor performance on the field sobriety tests. [MIO 18-19] However, as we previously observed in the notice of proposed summary disposition, the impact of Defendant's physical condition upon the probative value of the field sobriety testing merely presented a question to be resolved by the factfinder. *See, e.g.*, *State v. Suazo*, 1993-NMCA-039, ¶¶ 7-9, 117 N.M. 794, 877 P.2d 1097 (observing that a defendant's alleged inability to comply with chemical testing merely presented conflicting evidence, to be weighed against the testimony of the arresting officer concerning the defendant's apparent ability to comply, and his unexplained refusal to submit to testing). Below, the conflicting evidence was resolved against Defendant. We cannot second-guess this determination. *Id*. ¶¶ 7-8 (observing that where conflicting evidence concerning a defendant's ability or willingness to comply with sobriety testing is presented, it is for the factfinder to resolve the conflict; the reviewing court cannot reweigh the evidence).

**{10}** Defendant "also maintains that the field sobriety tests have no validity as tests of driving impairment." [MIO 19] However, we remain of the opinion that it was for the finder of fact to assess the value of this evidence. *See generally State v. Baldwin*, 2001-NMCA-063, ¶ 13, 130 N.M. 705, 30 P.3d 394 (recognizing that field sobriety tests and other evidence of behavior are probative of DWI charges pursuant to NMSA 1978, Section 66-8-102(A)).

**{11}** Accordingly, for the reasons stated above, and in the notice of proposed summary disposition, we affirm in part, reverse in part, and remand for further proceedings.

**{12}** **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**