2008-NMSC-029

184 P.3d 1045

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**James BOMBOY, Defendant–Respondent.**

No. 30,381.

Supreme Court of New Mexico.

May 5, 2008.

**152**

Gary King, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Arlon L. Stoker, Farmington, NM, for Respondent.

## OPINION

CHÁVEZ, Chief Justice.

{1} Following a lawful traffic stop of Defendant James Bomboy, a police officer saw in Defendant's car, in plain view, a clear crystal substance that the officer immediately recognized as an illegal substance. After arresting Defendant, the officer reached into Defendant's automobile and retrieved the substance, which was confirmed to be methamphetamine. The issue in this case is whether an officer can seize such evidence from an automobile without a warrant.

{2} The Court of Appeals affirmed the trial court's suppression of the evidence in this case, relying primarily on *State v. Gomez*, 1997–NMSC–006, 122 N.M. 777, 932 P.2d 1; *State v. Garcia*, 2005–NMSC–017, 138 N.M. 1, 116 P.3d 72; and *State v. Jones*, 2002–NMCA–019, 131 N.M. 586, 40 P.3d 1030. As urged by the Court of Appeals in its opinion, we take this opportunity to revisit these cases, and we hold that the seizure of contraband observed in plain view inside the automobile, by an officer who observed it during a lawful traffic stop, is justified by the exigent circumstances exception to the warrant requirement and by *Gomez*. This is because the contraband is in plain view not only to the officer, but also to the public at large, and therefore, if it is left alone, it can easily be tampered with or destroyed. To the extent that these cases are interpreted to hold otherwise, they are modified.

## I. BACKGROUND

{3} Defendant was charged with possession of methamphetamine with intent to distribute after officers seized methamphetamine from his automobile. Defendant was also charged with possession of drug paraphernalia, failure to have an operating license plate lamp, and driving on a suspended or revoked license. Defendant was initially stopped by Officers Postlewait and Briseno for a traffic violation. After approaching Defendant's automobile, Officer Briseno noticed a plastic baggie in the gap between the two front seats. The plastic baggie contained several smaller plastic baggies that contained a "clear crystal substance" that Officer Briseno immediately recognized as contraband. Officer Briseno then advised Officer Postlewait to arrest Defendant. After he arrested Defendant, Officer Postlewait retrieved the plastic baggie, which contained methamphetamine, from inside the vehicle.

{4} Defendant moved to suppress the methamphetamine. The district court, relying on *Gomez* and *Jones*, granted his motion because the warrantless search was done without Defendant's consent or a showing of exigent circumstances. On appeal, the Court of Appeals affirmed the district court, but questioned whether this Court should revisit *Garcia* and *Gomez*. *State v. Bomboy*, 2007–NMCA–081, ¶ 16, 141 N.M. 853, 161 P.3d 898. We granted the State's petition for a writ of certiorari and reverse. 2007–NMCERT–006, 142 N.M. 16, 162 P.3d 171.

## II. DISCUSSION

{5} Article II, Section 10 of the New Mexico Constitution gives broader pro-

tection to individuals in the area of automobile searches than is provided by the Fourth Amendment of the United States Constitution. *Garcia*, 2005–NMSC–017, ¶¶ 26, 29, 138 N.M. 1, 116 P.3d 72. The Fourth Amendment allows a warrantless search of an automobile and of closed containers found within an automobile when there is probable cause to believe that contraband is contained therein. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). New Mexico has rejected this bright line exception to the warrant requirement and requires "a particularized showing of exigent circumstances" in order to conduct a warrantless search of an automobile and its contents. *Gomez*, 1997–NMSC–006, ¶ 39, 122 N.M. 777, 932 P.2d 1.

{6} In *Gomez*, we recognized that "in most cases involving vehicles there will be exigent circumstances justifying a warrantless search." *Id.* ¶ 44. We nonetheless chose to stray from federal precedent. *Id.* ¶ 34. In rejecting the federal bright-line rule, we emphasized our preference for warrants and recognized the endless variation in facts and circumstances that might make a search of an automobile either reasonable or unreasonable. *Id.* ¶¶ 36, 45. Our purpose was to keep intact the fact-specific nature of reasonableness determinations under search and seizure principles.

{7} In *Gomez*, an officer searched the defendant's automobile after seeing marijuana, a brass pipe, and a pair of hemostats, items commonly used for smoking marijuana, scattered on the console, seat, and floorboard. *Id.* ¶ 6. During the search the officer retrieved a fanny pack, unzipped it, and found perforated tabs of white paper inside it, which from experience he believed to contain LSD. *Id.* The defendant was charged with possession of LSD. *Id.* ¶ 1. At trial he moved to suppress the evidence obtained from the warrantless search of his vehicle. *Id.* We upheld the warrantless search of the closed container at issue, concluding that the officer had probable cause to believe the automobile contained contraband and that exigent circumstances existed because the officer was concerned about destruction of the evidence by the crowd that had gathered at the scene.

*Id.* ¶ 41. Under these circumstances, we found that the officer's conduct was reasonable. *Id.* ¶ 43.

{8} The specific issue before us in *Gomez* was the suppression of the LSD found in the closed container, a zipped fanny pack. Although the marijuana and other drug paraphernalia inside the automobile gave rise to probable cause to search the automobile, we did not determine whether the officer's seizure of those items, in plain view, would have been unconstitutional under Article II, Section 10 of the New Mexico Constitution. However, in the case at hand, we are called upon to make such a determination. After applying the fact-specific reasonableness inquiry sanctioned by *Gomez*, we conclude that it is not unreasonable for an officer to seize an item from an automobile that is in plain view and that the officer has probable cause to believe is evidence of a crime.

**■** {9} The reasonableness of such a seizure is supported by the underpinnings of Article II, Section 10 of both the New Mexico Constitution and the Fourth Amendment of the United States Constitution. These provisions guarantee that people will not be subjected to unreasonable searches and seizures. The search aspect protects expectations of privacy, while the seizure aspect protects notions of possession. *State v. Sanchez*, 2005–NMCA–081, ¶ 17, 137 N.M. 759, 114 P.3d 1075. In this case, we are dealing with Defendant's privacy interest in the interior of his automobile and his possessory interest in the methamphetamine seized from his automobile.

**■** {10} Determining whether a search is an intrusion on a legitimate expectation of privacy requires two considerations. *State v. Warsaw*, 1998–NMCA–044, ¶ 14, 125 N.M. 8, 956 P.2d 139. First, we consider "whether the individual's conduct demonstrated a subjective expectation of privacy." *Id.* Second, we consider "whether society recognizes the individual's expectation of privacy as reasonable." *Id.* In this case, Officer Briseno saw methamphetamine through the passenger window of Defendant's car, situated between the two front seats. In placing the methamphetamine in such a highly visible area, we fail to see how Defendant could have had a

subjective expectation of privacy. Even if Defendant did expect privacy in this area, society would not recognize such an expectation as reasonable given its conspicuous nature. Therefore, Officer Postlewait reaching into the car is not considered an infringement on a legitimate expectation of privacy. Likewise, there can be no infringement on Defendant's possessory interest in the methamphetamine because an individual does not have a lawful right to possess such contraband. *See State v. Foreman*, 97 N.M. 583, 585, 642 P.2d 186, 188 (Ct.App.1982). As a result, the search and seizure of the methamphetamine in this case was reasonable.

{11} We realize that, under certain circumstances, there exist heightened privacy interests. For example, if the methamphetamine in this case had been clearly visible through the window of a residence instead of an automobile, the rationale above would be ineffective because there is a heightened expectation of privacy in one's home. *State v. Ryon*, 2005–NMSC–005, ¶ 23, 137 N.M. 174, 108 P.3d 1032; *see also State v. Valdez*, 111 N.M. 438, 441, 806 P.2d 578, 581 (Ct.App. 1990) (holding that officers' observation of marijuana plants from outside a residence's greenhouse did not authorize their warrantless entry into the greenhouse and seizure of the plants, absent some exception to the warrant requirement).

{12} This heightened expectation of privacy does not apply with equal force to automobiles. *State v. Ruffino*, 94 N.M. 500, 502, 612 P.2d 1311, 1313 (1980). However, in *Jones*, the Court of Appeals interpreted our decision in *Gomez* as equating the privacy interest in an automobile with the privacy interest in a home. 2002–NMCA–019, ¶¶ 13, 14, 131 N.M. 586, 40 P.3d 1030. We disagree with this interpretation. The Court of Appeals read our opinion in *Gomez* too broadly. In *Gomez*, while we recognized greater protections under the New Mexico Constitution for automobile searches, we did not expressly equate an automobile with a home for search and seizure purposes. Without such a heightened privacy interest, the seizure of methamphetamine from an automobile, left in plain view, is not unreasonable.

{13} The approach taken by the Court today is also consistent with the exigent circumstances exception to the warrant requirement. Exigent circumstances are defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Gomez*, 1997–NMSC–006, ¶ 39, 122 N.M. 777, 932 P.2d 1 (internal quotation marks and quoted authority omitted). In the case at hand, there was an automobile on a roadway with evidence of a crime in plain view, not only to the officer but to the public as a whole. Such evidence, if left alone, could easily be tampered with or destroyed. Given these circumstances, we do not find it unreasonable for the officer to immediately secure the methamphetamine.

{14} We do recognize, however, that the approach taken today may appear to be inconsistent with language in the post-*Gomez* cases of *Jones* and *Garcia*, and we take this opportunity to clarify any discrepancies. First, in *Jones*, after shining a flashlight inside the defendant's automobile, an officer saw a hypodermic needle protruding from underneath a towel. 2002–NMCA–019, ¶ 5, 131 N.M. 586, 40 P.3d 1030. After arresting the defendant, the officer reached into the automobile and seized the syringe and a paper package that was not in plain view from outside the automobile. *Id.* It was later determined that the contents of the package contained cocaine. *Id.*

{15} The defendant was charged with possession of cocaine and drug paraphernalia. *Id.* ¶ 6. He moved to suppress the evidence, arguing that the warrantless search of his automobile, without a particularized showing of exigent circumstances, was unconstitutional. *Id.* The Court of Appeals agreed, and after finding no particularized showing of exigent circumstances, affirmed the suppression of the evidence. *Id.* ¶ 17. The Court held "under *Gomez* that before evidence in an automobile may be seized, a warrant is required to enter the automobile unless the State can satisfy its burden to show that exigent circumstances existed justifying the warrantless entry or another applicable exception to the warrant requirement applies."

*Id.* ¶ 17. As discussed earlier, the Court reached this conclusion by relying on an incorrect interpretation of *Gomez* that equated the privacy interests in a home with the privacy interests in an automobile. From this perspective, the Court constrained future reasonableness determinations and instead adopted a blanket rule precluding warrantless seizures of items seen in plain view in automobiles, regardless of the circumstances. Such a blanket rule conflicts with the spirit of *Gomez,* which encourages fact-specific inquiries in this area.

{16} In the second case, *Garcia,* the officer seized from the defendant's automobile a gun that was in plain view inside the automobile and an open beer bottle, which was not visible from the outside of the automobile, but which was seen after the officer entered the automobile to retrieve the gun. 2005–NMSC–017, ¶ 4, 138 N.M. 1, 116 P.3d 72. The defendant was charged with being a felon in possession of a firearm and possessing an alcoholic beverage in an open container in a vehicle. *Id.* ¶ 5. We upheld the warrantless seizure of these items because there was a particularized showing of exigent circumstances. Specifically, we concluded that the defendant's aggressive behavior necessitated the seizure of the gun in order to secure the scene. *Id.* ¶¶ 31–32. We prefaced our discussion regarding exigent circumstances justifying the seizure of the gun in plain view with the statement that "even with an object in plain view, an officer may not enter the car and seize the object, without either consent, a warrant, or exigent circumstances." *Id.* ¶ 29. This language was unnecessary to the holding because there was a clear showing of exigent circumstances.

■ {17} Under the New Mexico Constitution, we continue to provide greater protection regarding automobile searches than that provided under the United States Constitution. Absent exigent circumstances or some other exception to the warrant requirement, an officer may not search an automobile without a warrant. However, if following a lawful stop on a roadway, an item in an automobile is in plain view and the officer has probable cause to believe the item is evidence of a crime, the officer may seize the item. Under these circumstances, we find that it is not only reasonable for the officer to do so, but that such action is also consistent with the exigent circumstances exception to the warrant requirement.

■ {18} In applying the principles established in *Gomez* to the present case, we conclude that the officer was allowed to seize the methamphetamine from Defendant's vehicle. Officer Briseno saw, in plain view, the plastic baggie containing methamphetamine in Defendant's car after stopping Defendant for a traffic violation. Officer Briseno had probable cause to believe that the plastic baggie contained evidence of a crime because he immediately recognized the baggie's contents as contraband. Defendant was placed under arrest and the baggie was seized from his vehicle. The officer could not be assured that the contraband would not be removed or tampered with if it was not immediately secured. Under these circumstances, we find that it was lawful for the officer to seize the methamphetamine. Therefore, the evidence should not have been suppressed.

## III. CONCLUSION

{19} For the foregoing reasons, the Court of Appeals and the district court are reversed.

{20} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, PETRA JIMENEZ MAES, RICHARD C. BOSSON, and CHARLES W. DANIELS, Justices.