This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                 **No. 30,460**

**ALEJANDRO AGUIRRE,**

    Defendants-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant Alejandro Aguirre appeals the denial of his motion to suppress pursuant to a conditional plea entered in magistrate court. On appeal, Defendant contends that the officer (1) lacked reasonable suspicion at the inception of the stop, and (2) expanded the scope of the stop by asking Defendant for his license and registration where the citation was for a parking violation. We hold that the officer possessed sufficient, articulable facts to constitute reasonable suspicion for the stop. We therefore affirm the denial of Defendant's motion to suppress on this basis. We do not reach Defendant's argument regarding the officer's expansion of the stop, because we hold that Defendant failed to preserve this argument.

**BACKGROUND**

The relevant facts, taken from the testimony at the suppression hearing, are as follows. Officer Willy Kerin testified that he was on uniformed patrol duty. As he was passing the Snappy Mart, he noticed a car in one of the designated parking spaces for handicapped persons. Officer Kerin did not see a blue and white handicap placard hanging from the rearview mirror, and from his initial vantage point, he could not see whether one was displayed on the dashboard. Officer Kerin pulled into the parking lot and stopped behind the car such that it was blocked from leaving.

Officer Kerin testified that he then approached the vehicle and asked if Defendant had a placard. Defendant admitted he did not. Officer Kerin then asked

for Defendant's license, registration, and proof of insurance. Defendant could not produce these requested items. After running Defendant's name through central dispatch, he learned that Defendant's license was suspended. Officer Javier Peru had arrived at the location to assist with the traffic stop. Officer Kerin testified that when he approached Defendant's vehicle for the second time with the citations, he was leaning in towards Defendant to explain the citations when he noticed a smell of alcohol. Officer Peru administered field sobriety tests to Defendant. Defendant subsequently took a breath test and was found to have a breath-alcohol content of .15. Defendant moved to suppress the evidence gathered against him on the grounds that there was no reasonable suspicion for the stop.

**DISCUSSION**

**I.      Reasonable Suspicion**

Defendant contends that his detention was unconstitutional under both the federal and state constitutions. "Because both the United States and the New Mexico Constitutions provide overlapping protections against unreasonable searches and seizures, we apply our interstitial approach[.]" *State v. Rowell*, 2008-NMSC-041, ¶ 12, 144 N.M. 371, 188 P.3d 95. The interstitial approach requires that we first consider "whether the right being asserted is protected under the federal constitution." *State v. Gomez*, 1997-NMSC-006, ¶ 19, 122 N.M. 777, 932 P.2d 1. If the right is

protected by the federal constitution, then the state constitutional claim is not reached. *Id*. We therefore begin our analysis by determining whether suppression was required under the Fourth Amendment.

**A.     Fourth Amendment**

"A motion to suppress evidence [presents] a mixed question of law and fact." *State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72. We review findings of fact for substantial evidence and review the legal analysis de novo. *Id.* "In reviewing de novo the district court's ruling to determine whether the law was correctly applied to the facts, we view the facts in the light most favorable to the prevailing party." *State v. Bomboy*, 2007-NMCA-081, ¶ 3, 141 N.M. 853, 161 P.3d 898, *rev'd on other grounds*, 2008-NMSC-029, 144 N.M. 151, 184 P.3d 1045.

"[A]n officer may briefly detain an individual suspected of criminal activity without breaching Fourth Amendment rights." *State v. Patterson*, 2006-NMCA-037, ¶ 15, 139 N.M. 322, 131 P.3d 1286. "[I]nvestigatory detentions need only be supported by reasonable suspicion of criminal activity[.]" *Id.* "Reasonable suspicion arises if the officer can point to specific articulable facts . . . that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *State v. Vandenberg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (omission in original) (internal quotation marks and citation omitted).

4

"Unsupported intuition and inarticulate hunches are not sufficient." *State v. Cobbs*, 103 N.M. 623, 626, 711 P.2d 900, 903 (Ct. App. 1985). "In determining whether reasonable suspicion exists, [the appellate courts] examine the totality of the circumstances." *State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 21, 130 N.M. 386, 25 P.3d 225.

Parking in a space that has been designated for persons with significant mobility limitations without a special registration plate or a parking placard is a violation of NMSA 1978, Section 66-7-352.5 (2007) (amended 2010), and is a petty misdemeanor. *See* NMSA 1978, § 31-18-13(D) (1993); *see also* NMSA 1978, § 66-1-4.14(G) (1999) (stating that a placard must be "displayed inside a motor vehicle so as to be readily visible to an observer outside the vehicle"). Officer Kerin testified that he was driving by the Snappy Mart, saw a car parked in a designated parking space for persons with significant mobility limitations and noticed that the car did not have a placard hanging from the rearview mirror. We conclude that these facts were sufficient to give rise to a reasonable suspicion that Defendant was parked illegally.

Defendant contends that, because Officer Kerin had not yet had the opportunity to verify whether a placard was displayed on the dashboard when Defendant was seized, Officer Kerin had, at most, a hunch that the vehicle was illegally parked. Although "[g]eneralized suspicions or unparticularized hunches that a person has been

or is engaged in criminal activity do not suffice to justify a detention[,]" *State v. Prince*, 2004-NMCA-127, ¶ 9, 136 N.M. 521, 101 P.3d 332, Officer Kerin's inability to ensure the placard was not displayed on the dashboard prior to stopping Defendant does not render the specific, articulable facts set out in this Opinion, a mere hunch. Reasonable suspicion does not require that an officer be certain that criminal activity has occurred. As this Court has previously acknowledge, "reasonable suspicion may exist . . . on information less reliable than that needed to establish probable cause." *State v. Baca*, 2004-NMCA-049, ¶ 51, 135 N.M. 490, 90 P.3d 509 (omission in original) (alteration, internal quotation marks, and citation omitted). And, the higher standard of probable cause does not require certainty. *See State v. Gonzales*, 2003-NMCA-008, ¶ 12, 133 N.M. 158, 61 P.3d 867 ("The degree of proof necessary to establish probable cause for the issuance of a search warrant is more than a suspicion or possibility but less than a certainty of proof." (internal quotation marks and citation omitted)).

Moreover, we are not persuaded by Defendant's reliance on *State v. Aguilar*, 2007-NMCA-040, 141 N.M. 364, 155 P.3d 769. In *Aguilar*, an officer stopped a vehicle traveling at 2:00 a.m. with temporary dealer plates, based on the officer's knowledge that temporary dealer plates are often misused or stolen. *Id.* ¶ 10. This Court held that the officer lacked reasonable suspicion because "the facts relied upon

by the officer were evidence of neutral conduct." *Id.* ¶ 12. The decision in *Aguilar* was premised on the officer's failure to articulate any individualized suspicion that criminal activity had occurred. *Id.* In the present case, Officer Kerin articulated facts specific to Defendant that established a reasonable suspicion that Defendant was in violation of Section 66-7-352.5. Although Defendant *could have* displayed a placard on his dashboard, unlike in *Aguilar*, Officer Kerin ascertained that Defendant had no placard in due course during the process of citing Defendant, who was then present for the parking violation. The fact that the information relied on by Officer Kerin did not exclude the possibility that Defendant was innocent of any criminal wrongdoing does not render the investigatory detention unconstitutional. Rather, the purpose of an investigatory detention based on reasonable suspicion is to confirm or dispel the officer's suspicion that criminal activity has occurred or is occurring. *Cf. State v. Alderete*, 2011-NMCA-055, ¶ 18, 149 N.M. 799, 255 P.3d 377 (stating that the detectives "had reasonable suspicion to conduct an investigatory stop of [the d]efendant's vehicle to confirm or dispel their suspicions").

**B.     Article II, Section 10**

Because we have concluded that suppression was not required under the Fourth Amendment, we turn to Defendant's state constitutional claim. In order for this Court to consider a defendant's state constitutional argument on appeal, the defendant must

have properly preserved his argument below. *See Cardenas-Alvarez*, 2001-NMSC-017, ¶ 11 ("We begin our examination of [the d]efendant's state constitutional claim by determining whether [the d]efendant properly preserved it."). At the suppression hearing, Defendant argued that Article II, Section 10 of the New Mexico Constitution has been interpreted by our courts to provide greater protection than its federal counterpart and established a factual basis for a determination regarding suppression. Thus, Defendant appears to have preserved his claim that the state constitution provides greater protection. *See Cardenas-Alvarez*, 2001-NMSC-017, ¶ 11 ("If . . . there exists 'established precedent' demonstrating that our interpretation of the New Mexico Constitution departs from federal constitutional law, we require less of the defendant to preserve his claim."); *id.* ("If such state precedent exists, the defendant preserves his claim by: (1) asserting the constitutional principle that provides the protection sought under the New Mexico Constitution, and (2) showing the factual basis needed for the trial court to rule on the issue." (internal quotation marks and citation omitted)).

However, while Defendant met the minimal burden of preserving his state constitutional claim, Defendant does not articulate any argument on appeal regarding how New Mexico's reasonable suspicion standard should depart from federal Fourth Amendment jurisprudence under these facts. This Court has no duty to review an

argument that is not adequately developed. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments[] or guess at what [a party's] arguments might be."). Because Defendant has not provided this Court with any argument regarding how Article II, Section 10 should apply to this case, we do not address Defendant's general claim that greater protection is required.

## II.     Expansion of the Stop

Lastly, we turn to Defendant's argument that Officer Kerin inappropriately expanded the scope of the stop by asking Defendant for his license and registration to issue a parking citation. Defendant contends that "a parking violation is different from a traffic violation" because parking violations do not require that the issuing officer "see or record the information contained on the driver's license." In its answer brief, the State asserts that Defendant did not preserve this issue below. Defendant did not counter the State's preservation argument in his reply brief. We therefore turn to the record.

"To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA; *see State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) (stating that the

9

defendant must specifically apprise the district court of the claimed error and invoke an intelligent ruling thereon in order to preserve the issue for appellate review).

> [The appellate courts] require parties to assert the legal principle upon which their claims are based and to develop the facts in the trial court primarily for two reasons: (1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector.

*Gomez*, 1997-NMSC-006, ¶ 29. Having reviewed the record, we note that Defendant's argument below was premised solely on his claim that the officer lacked reasonable suspicion at the inception of the stop. Because Defendant failed to apprise the district court of any legal argument regarding an impermissible expansion of the stop, we hold that Defendant failed to preserve this argument.

**CONCLUSION**

For the foregoing reasons, we affirm the denial of Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**RODERICK T. KENNEY, Judge**