This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v. **No. 34,183**

**KRISTOPHER MORGAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     The State appeals the district court's order suppressing evidence in this case. We issued a notice of proposed disposition proposing to reverse the district court's decision, and Defendant has responded with a memorandum opposing the proposed reversal. Having carefully considered the arguments raised in the memorandum in opposition, we continue to believe that suppression of the evidence in this case was erroneous. Therefore, for the reasons stated below and in our notice of proposed disposition, we reverse.

{2}     In the notice of proposed disposition we pointed out that the district court specifically found that Defendant consented to the officers' entry into Defendant's hotel room. We also noted that the methamphetamine suppressed by the district court was located in plain view, lying in a pile on a table next to a pipe, and that Defendant admitted the substance was methamphetamine. Under those circumstances we proposed to hold, contrary to the district court's determination, that the officers could seize the methamphetamine without a warrant and field-test it. *See State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286 (holding that items may be seized without a warrant if the officer was lawfully positioned when the evidence was observed, and the incriminating nature of the item was immediately apparent).

{3}     In response, Defendant argues that New Mexico has consistently expressed a preference for a warrant. However, Defendant concedes that exceptions to the warrant

requirement exist, including consent and plain view. In addition, he admits that "the substance on the hotel table was in plain view." [MIO 8] Defendant disagrees, however, with our assertion that the incriminating nature of the evidence was immediately apparent, and that the officers therefore had probable cause to seize the methamphetamine. [MIO 8] Defendant characterizes Officer McCasland's testimony as saying that while his "experience led him to suspect that the substance on the table was methamphetamine, he could not know for certain unless he first field-tested it." [MIO 9]

{4} However, Officer McCasland's lack of certainty does not preclude a finding of probable cause; probable cause does not require absolute certainty. *See State v. Gonzales,* 2003-NMCA-008, ¶ 12, 133 N.M. 158, 61 P.3d 867. The methamphetamine in this case was lying in a pile on the hotel table, next to a pipe, and Officer McCasland immediately suspected it was contraband as a result of his training and experience. The presence in plain view of this substance resembling contraband, next to an item of paraphernalia commonly used to ingest such substances, coupled with Defendant's admission that the substance was methamphetamine, provided him with probable cause to seize the substance. *See, e.g., State v. Bomboy*, 2008-NMSC-029, ¶¶ 17, 18, 144 N.M. 151, 184 P.3d 1045 (holding that officer had probable cause to seize methamphetamine found during an automobile stop, and evidence therefore

should not have been suppressed, where methamphetamine was contained in baggies that were located in plain view and officer recognized contents as contraband).

{5} Since the officers validly seized the methamphetamine, they were also entitled to perform a field test on the substance to confirm Officer McCasland's belief that the substance was contraband. *See, e.g., State v. Rivera*, 2010-NMSC-046, ¶ 19, 148 N.M. 659, 241 P.3d 1099 (discussing *United States v. Jacobsen*, 466 U.S. 109 (1984), and its holding that a field test of a substance is not a search subject to the Fourth Amendment)). We note that Defendant has not argued that under the New Mexico Constitution a field test of a substance would be considered a separate search that would be subject to a new and distinct warrant requirement, above and beyond the requirement applied to the initial seizure. We decline to make it on behalf of Defendant. Therefore, we hold that the plain-view exception, which allowed the officers to seize the methamphetamine found on the table, also allowed the officers to perform a field test on that substance.

{6} At several places in the memorandum in opposition, Defendant mentioned the fact that he had not been given his *Miranda* warnings when he admitted that the substance on the table was methamphetamine. [MIO 2, 3] However, Defendant did not attempt to develop an argument based on *Miranda*, and we therefore do not address such an argument. *See Headley v. Morgan Mgmt. Corp.,* 2005-NMCA-045, ¶ 15, 137

N.M. 339, 110 P.3d 1076 (explaining that we do not review undeveloped or unclear arguments on appeal).

{7}     Based on the foregoing discussion and on the analysis set out in the notice of proposed disposition, we reverse the grant of Defendant's motion to suppress in this case and remand for further proceedings.

{8}     **IT IS SO ORDERED.**


_____
                    **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**