This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **No. 34,666**

**DANIEL PRIETO-LOZOYA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, JR, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Titus & Murphy
H. Steven Murphy
Farmington, NM

Emeterio L. Rudolfo
Farmington, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     The State of New Mexico appeals from the district court's order granting Defendant Daniel Prieto-Lozoya's motion to suppress evidence obtained during a warrantless search of a locked box. We issued a calendar notice proposing to affirm. The State filed a memorandum in opposition, which we have duly considered. We are not persuaded by the State's arguments and therefore affirm.

{2}     In its docketing statement, the State argued that (1) Defendant's father-in-law, Ramon Desotto, gave valid consent to search his business establishment, including a locked box that contained a large amount of methamphetamine and documents belonging to Defendant, because Desotto had "actual and/or common authority" to grant consent, and (2) Defendant had a diminished expectation of privacy in the locked box. [DS 2] In our calendar notice, we proposed to conclude that (1) Desotto did not have actual or common authority to consent to law enforcement's forcible entry of the locked box without a valid warrant, and (2) Defendant had an actual, subjective expectation of privacy in the locked box, and the State had not demonstrated that Defendant's expectation was one that society is not prepared to recognize as reasonable. [CN 2-5] Accordingly, we proposed to affirm the district court's order suppressing evidence. [CN 5]

{3}     In response to this Court's calendar notice, the State provides a detailed summary of the facts and procedural history [MIO 2-10]; argues that the facts show that Desotto had actual authority over his business premises, including the contents

2

of the locked box to consent to its search [MIO 2; *see also* MIO 11-13]; and argues that "although Defendant may have manifested a subjective expectation of privacy by placing combination locks on the wooden box, such an expectation of privacy was not one society is prepared to accept as reasonable under the circumstances of this case." [MIO 2; *see also* MIO 13-18] Instead of pointing out errors in fact or law with our proposed disposition, the State relies on out-of-state and New Mexico case law that is not persuasive or on point. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** **Issue 1:** As discussed in our calendar notice, valid consent is an exception to the warrant requirement. [CN 3] *See State v. Diaz*, 1996-NMCA-104, ¶ 9, 122 N.M. 384, 925 P.2d 4. A third-party who has common authority over property may give consent to search that property; however, "[t]he [S]tate has the burden of establishing common authority, and must therefore come forward with persuasive evidence of both shared use and joint access in order to support a third-party consent[.]" *Id.* (internal citations omitted). In *Diaz,* we held that the defendant's father did not have "joint access for most purposes and mutual use of [the d]efendant's room[,]" even though the father owned the house in which the defendant's bedroom was located and the father had access to the defendant's room. *Id.* ¶¶ 11, 15-16. Therefore, we affirmed

an order of the district court granting the defendant's motion to suppress physical evidence obtained during the warrantless search of his room. *Id.* ¶¶ 1, 20. As we stated in our calendar notice, "mere ownership of property is not sufficient to establish valid consent—the party consenting must have common authority over the area searched." [CN 3 (citing *Diaz*, 1996-NMCA-104, ¶¶ 9-12)] The State's memorandum in opposition does not address *Diaz* or argue why it does not apply. [MIO 11-13] Instead, the State relies on out-of-state case law and argues that the locked box in this case "was on Mr. Desotto's business premises, ostensibly for tools, and Mr. Desotto claimed ownership of it. Defendant cannot transform a box on the premises into private sanctified property by simply putting a combination lock on it." [MIO 11-13] We are not persuaded.

{5}     **Issue 2:** As discussed in our calendar notice, "[a] defendant's ability to challenge a search turns on two inquiries: (1) whether the defendant had an actual, subjective expectation of privacy in the premises searched; and (2) whether the defendant's subjective expectation is one that society is prepared to recognize as reasonable." *State v. Ryan*, 2006-NMCA-044, ¶ 19, 139 N.M. 354, 132 P.3d 1040 (internal quotation marks and citation omitted). [*See* CN 4-5]

{6}     The State asserts that "[a]ssuming *arguendo* that Defendant manifested a subjective expectation of privacy in the box by placing locks on it . . . , any such expectation was not objectively reasonable." [MIO 14] In support of this argument,

4

the State relies on out-of-state case law for the proposition that an item in a semi-public place is not private. [MIO 13-15] Additionally, the State asserts that the locked box was not an item personal to Defendant, such as "a suitcase, purse, backpack, or locker that would obviously belong to one person for the containment of clothes or other personal items." [MIO 15] While acknowledging that Defendant locked the box and did not turn over the box to Desotto or other employees, the State argues that Defendant had no legitimate expectation of privacy in the locked box because Defendant "kept it in a place of business used, and owned, by others." [MIO 16; *see also* MIO 18 ("Defendant cannot transform property belonging to his employer, left unattended on his employer's premises, into constitutionally protected property by placing locks on it.")] We are not persuaded.

{7}     The New Mexico cases relied on by the State are distinguishable. [MIO 17-18] Unlike the facts in *State v. Moore*, Defendant did not disclose any information to Desotto regarding the contents of the locked box. 1989-NMCA-073, ¶ 10, 109 N.M. 119, 782 P.2d 91 (holding that the defendant waived any expectation of privacy he might have had regarding a pistol when the defendant told a third person about the pistol), *superseded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. While we acknowledge the State's argument that Defendant had no lawful right to possess illegal drugs, we are not persuaded that Defendant had no reasonable expectation of privacy in the locked box,

5

particularly given the fact the State does not dispute that Defendant placed two combination locks on the box and did not share the combination to those locks with Desotto. [MIO 9, 16, 18; RP 209]. *See State v. Sublet*, 2011-NMCA-075, ¶¶ 18-23, 150 N.M. 378, 258 P.3d 1170 (rejecting the State's argument that the defendant did not have a reasonable expectation of privacy in property that he did not lawfully possess). Just as in *Sublet*, the State's reliance on *State v. Bomboy*, 2008-NMSC-029, 144 N.M. 151, 184 P.3d 1045, and *State v. Foreman*, 1982-NMCA-001, 97 N.M. 583, 642 P.2d 186, is misplaced, because the facts in those cases are distinguishable from the facts in this case. *See Sublet*, 2011-NMCA-075, ¶¶ 20-21 (discussing same); *Bomboy*, 2008-NMSC-029, ¶¶ 1, 10 (holding that a police officer can seize methamphetamine that is observed in plain view without a warrant); *Foreman*, 1982-NMCA-001, ¶ 1 (holding that an officer may seize contraband discovered during a valid inventory search without a warrant). Similarly, the State's reliance on *State v. Ryan*, 2006-NMCA-044, is also misplaced. In *Ryan*, we determined that there was sufficient evidence to support the district court's decision that the defendant did not have an actual expectation of privacy, and we concluded that the defendant "actively worked to undermine [his privacy rights]." *Id.* ¶¶ 20, 23; *see generally id.* ¶¶ 15-38.

{8}     For the reasons stated in our notice and in this opinion, we affirm.

6

{9}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**